UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Donald J. Weiss, Esq. (7619)
Law Office of Donald J. Weiss
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440

-------------------------------------------------------------------
BARBARA ROLDAN,

                       Case no. 19CV7415

    Plaintiff,

-against-

SABON 458 BWY, LLC and 458 GRAND BROADWAY
OWNERS CORP.,

    Defendants.
-------------------------------------------------------------------

## COMPLAINT

  Plaintiff, BARBARA ROLDAN, by and through her undersigned counsel, hereby files this Complaint and sues SABON 458 BWY, LLC ("Sabon"), 458 GRAND BROADWAY OWNERS CORP. ("Owner"; collectively "Defendants") for declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq.* ("NYCHRL"), and alleges:

### JURISDICTION AND PARTIES

  1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This is an action for compensatory damages and statutory damages pursuant to the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.,* New York State Civil Rights Law, N.Y. Civ. Rights Law § 40 *et seq.*, and the New York City Human Rights Law, New York City, N.Y., Code § 8-101 *et seq*. This Court is vested with supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the property at issue is located within the Southern District of New York and because all events giving rise to this lawsuit occurred in New York County, Southern District of New York.

4. Plaintiff, BARBARA ROLDAN, (hereinafter referred to as "Ms. Roldan"), is a resident of the State of New York.

5. Ms. Roldan is a qualified individual with a disability under the ADA, the NYSHRL, the NYSCRL, and the NYCHRL.  Ms. Roldan has cerebral palsy and uses a wheelchair for her primary means of mobility.

6. The Owner owns the property known and designated as 458 Broadway, New York, New York (hereinafter, the "Property"), where the subject of this action, the store known as Sabon, is located.

7. Upon information and belief, Sabon is a lessee of a portion of the Property.

8. Upon information and belief, Sabon is the operator of a retail establishment located at the Property.

9. The Property is a place of public accommodation, a retail store open to the general public.

10. Defendants are obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. Ms. Roldan realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

12. Sabon is a place of public accommodation, subject to the ADA.

13. Ms. Roldan works in lower Manhattan.

14. Ms. Roldan shops in the area where the Property is located.

15. Ms. Roldan desires to enter the Property to shop at Sabon.

16. Ms. Roldan has desired to enter the Property numerous times in the past but has been deterred from doing so due to the barrier to her entry, the last time prior to the filing of the complaint having been on or about August 6, 2019.

17. Ms. Roldan presently desires to enter the Property. She is especially looking forward to trying the samples of products provided in the large wash basin maintained in the center of the store.

18. Ms. Roldan observed, or was made aware of, all of the discriminatory barriers discussed below.

19. Ms. Roldan intends to, and will, enter Sabon, to partake of the goods and services in the future, once the barriers discussed below are remediated.

20. The barrier at Sabon's entrance deprives Ms. Roldan of the equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at Sabon.

21. Upon information and belief, Defendants are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*., and Sabon is not accessible due to a rise of approximately

4 inches, encountered when you enter Sabon from the sidewalk.

22. No permanent means of entry has been provided which would allow Ms. Roldan to gain access to Sabon.

23. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

25. The 1991 ADA Standards for Accessible Design (the "1991 Standards") apply to new construction and alterations until March 14, 2012. As of March 15, 2012, compliance with the 2010 ADA Standards for Accessible Design (the "2010 Standards") is required for new construction and alterations, accessibility and barrier removal. Premises altered between January 26, 1992 and March 15, 2012, must comply with either 1991 Standards or 2010 Standards in accordance with the safe harbor provisions of the 2010 Standards.

26. Upon information and belief, space occupied by Sabon underwent alterations sometime after 2016.

27. Investigation of Sabon revealed the following[1]:

The entrance consists of double doors which open inwards. Each door is less than 32 inches wide. The double doors sit above a rise of about 4 inches. There are no handrails at the rise.

Entrance violations include:

a. No accessible route to an entrance is compliant with Chapter 4, as required by 206.1.

b. The inaccessible entrance does not comply with 206.4, 404 or 402. Door openings must provide a clear width of 32 inches minimum at a single door or double doors may provide a width over 32 inches via an automatic door opener.

c. The landlord has not provided at least one accessible entrance, compliant with 404 for each tenant, as required by 206.4.5, although it would be readily achievable to remove the entrance barrier.

d. Even if the Plaintiff was assisted inside, there is no means of egress to exit in the event of an emergency as required by 207.1.

e. Plaintiff could leave her wheelchair outside and navigate the rise, but there are no railings on either side of the step to assist her, in violation of 210.1, 504.1, 504.6, 505.1, 505.10 and 505.2.

f. There is a rise within the maneuvering clearance at the door, in violation of 404, 404.1, 404.2 and 404.2.4. The minimum level maneuvering clearance required by a person in a wheelchair is not present.

g. The failure to ramp the rise over ½ inch within an accessible route violates 303.1

---

[1] All violations listed refer to the 2010 Standards

and 303.4, and leaves a barrier to Plaintiff's entry in place.

28. When Plaintiff attempted to visit the store on August 6, 2019, she observed that the barrier to access still exists and has not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

29. Upon information and belief, removal of the barriers to access located at the Property would provide Ms. Roldan with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at Sabon.

30. Ms. Roldan has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §12205.

31. Defendants have discriminated against Ms. Roldan in violation of 42 U.S.C. § 12182.

32. Further investigation of Defendants' public accommodation may reveal further violations.

**COUNT II - VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
(NEW YORK STATE EXECUTIVE LAW, §§ 296-297)**

33. Ms. Roldan realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

34. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 296(2).

35. N.Y. Exec. Law § 296(2) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or

employee of any place of public accommodation, . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

36. The conduct alleged herein discriminates against Ms. Roldan on account of her disability.

37. The conduct alleged herein violates the NYSHRL, N.Y. Exec. Law § 296(2).

38. Defendants have violated the NYSHRL by depriving Ms. Roldan of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered at the Property, namely the ability to shop at Sabon.

39. Defendants have violated the NYSHRL by failing to remove the architectural barrier at the Property.

40. Upon information and belief, removal of the discriminatory barrier to access located at the Property is readily achievable, reasonably feasible, could be easily accomplished, and would not place an undue burden on Defendants.

41. Defendants' conduct has resulted in a cognizable injury to Ms. Roldan.

42. Ms. Roldan has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

43. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, Ms. Roldan has suffered frustration, anxiety, and humiliation.

44. Ms. Roldan prays for judgment for damages to pursuant to N.Y. Exec. Law § 297(4), and all other relief allowed by law.

## COUNT III - VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAW
### (N.Y. Civ. Rights§§ 40-c and 40-d)

45.     Ms. Roldan realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

46.     As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the State of New York, Defendants are obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights §40 *et seq*.

47.     Ms. Roldan has complied with the notice requirements of N. Y. Civ. Rights section 40-d, as notice of this action was served upon the attorney general prior to or concurrently with the initiation of this suit.

48.     Section 40 of the NYSCRL states that "All persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations. . . ."

49.     Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution. . . ."

50.     The conduct alleged herein discriminates against Ms. Roldan on account of her disability.

51.     The conduct alleged herein violates the NYSCRL.

52.     Defendants have violated the NYSCRL by depriving Ms. Roldan of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

53.     Defendants have violated the NYSCRL section 40-c, *inter alia*, by subjecting Ms. Roldan, as a person with a disability, to discrimination in her civil rights.

54.     Defendants have further violated the NYSCRL by being in violation of

the rights provided under the ADA and the New York State Human Rights Law, N.Y. Exec. Law §296.

55. Defendants' conduct has resulted in a cognizable injury to Ms. Roldan.

56. Ms. Roldan has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

57. Ms. Roldan prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including statutory damages, and all other relief allowed by law.

### COUNT IV - VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
### (New York City, N.Y., Code § 8-502)

58. Ms. Roldan realleges and reavers the prior paragraphs of the complaint as if they were expressly restated herein.

59. As the owner, manager, lessee, and/or proprietor of a place of public accommodation within the jurisdiction of the City of New York, Defendants are obligated to comply with the provisions of the NYCHRL, New York City, N.Y., Code § 8-107(4).

60. N.Y. Code § 8-107(4) provides: "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

61. The conduct alleged herein discriminates against Ms. Roldan on account of her disability.

62. The conduct alleged herein violates the NYCHRL, N.Y. Code § 8-107.

63. Defendants have violated the NYCHRL, N.Y. Code § 8-107(4) by depriving Ms.

Roldan of the full and equal enjoyment of the accommodations, advantages, facilities, and privileges offered by Defendants at the Property.

64. Defendants have violated the NYCHRL, N.Y., Code § 8-107(4) by failing to remove the architectural barrier at the Property.

65. Defendants have violated the NYCHRL, N.Y. Code § 8-107 (17) because, upon information and belief, Defendants' policies or practices regarding the removal of architectural barriers at the Property have a disparate impact on persons with mobility related disabilities.

66. Defendants' conduct has resulted in a cognizable injury to Ms. Roldan.

67. Ms. Roldan has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

68. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Ms. Roldan has suffered frustration, anxiety, and humiliation.

69. Ms. Roldan prays for judgment pursuant to N.Y. Code § 8-502(a) for injunctive relief, for damages, and for all other relief allowed by law.

70. Ms. Roldan has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to N.Y. Code § 8-502(g).

WHEREFORE, Ms. Roldan demands judgment against Defendants, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by Defendants is in violation of the ADA, the NYSHRL, the NYSCRL, and the NYCHRL;

B. That this Court enter an Order directing Defendants to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required

by Title III of the ADA;

   C. That this Court enter an Order awarding Ms. Roldan compensatory damages, as provided for under N.Y. Exec. Law § 297(4) and New York City, N.Y., Code § 8-502(a);

   D. That this Court enter an Order awarding Ms. Roldan statutory damages, as provided for under N.Y. Civ. Rights section 40-d;

   E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Ms. Roldan, pursuant to 42 U.S.C. § 12205 and New York City, N.Y., Code § 8-502(g); and

   F. That this Court award such other and further relief as it deems necessary, just and proper.

Dated: August 8, 2019

*Donald J. Weiss*

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 967-4440